IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT W. SEIDEN, ESQ. Receiver for       )
SOUTHERN CHINA LIVESTOCK, INC.,            )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )   C.A. No. 17-1869 (MN)
                                           )
SCHWARTZ, LEVITSKY, AND                    )
FELDMAN LLP,                               )
                                           )
                Defendant.                 )

## <u>**MEMORANDUM OPINION**</u>

Daniel K. Hogan, HOGAN MCDANIEL, Wilmington, DE – attorneys for Plaintiff

Patrick M. McGrory, TIGHE & COTTRELL, P.A., Wilmington, DE – attorneys for Defendant

November 7, 2018
Wilmington, Delaware

_Noreika_ handwritten signature

NOREIKA, U.S. DISTRICT JUDGE:

Before the Court is a motion to dismiss (D.I. 6) filed by Defendant Schwartz, Levitsky, and Feldman LLP ("Defendant" or "SLF") seeking dismissal of the Complaint (D.I. 1) filed by Plaintiff Robert W. Seiden, Esq. ("Plaintiff" or "Seiden"), Receiver for Southern China Livestock, Inc. because of a number of deficiencies, including: lack of personal jurisdiction under Rule 12(b)(2), _forum non conveniens_ under Rule 12(b)(3), insufficient process under Rule 12(b)(4), as well as failure to state a claim given the statutes of limitations and _in pari delicto_ under Rule 12(b)(6). For the following reasons, the Court will dismiss Plaintiff's Complaint against SLF for lack of personal jurisdiction.[1]

## I.  **BACKGROUND**

Southern China Livestock International, Inc. was a company incorporated under the laws of Nevada as a holding company for a registered company in China.  (D.I. 1 at ¶ 6).  SLF is a limited liability partnership organized under the laws of Canada with a principal office in Toronto.  (D.I. 7 at 3, Exh. B at ¶ 2).  SLF is registered with the Public Company Accounting Oversight Board ("PCAOB") as is required by 15 U.S.C. § 7211 _et seq._ to prepare or furnish audit services to U.S. entities. (_Id._ at 11).  As is mandated by 15 U.S.C. § 7216, SLF maintains an "agent in the United States upon whom may be served any request by the Commission or the Board under this section or upon who may be served any process, pleading, or other papers in any action brought to enforce this section."  SLF designated the Corporation Services Company, a Delaware corporation, as its agent for these purposes.  (D.I. 1 at ¶ 5).  SLF does not itself own or maintain any offices in Delaware.  (D.I. 7 at 3, Exh. B at ¶¶ 3-5).

---

[1]  Because the Court will dismiss the action for lack of personal jurisdiction, it does not address the alternative grounds for dismissal asserted by SLF.

On November 25, 2009, SLF was retained to audit the financial statements of Southern China Livestock International, Inc. for fiscal years 2008 and 2009. (D.I. 1 ¶ 20, Exh. C). On January 28, 2010, SLF concluded its audit of consolidated financial statements and stated that they "present fairly, in all material respects, the financial position of Southern China Livestock International Inc." (*Id.* at ¶ 19). Months later, on March 29, 2010, Expedite 4, Inc. ("Expedite"), a Delaware corporation, acquired Southern China Livestock International, Inc. in a reverse takeover transaction. (*Id.* at ¶ 7). On July 9, 2010, Expedite changed its name to Southern China Livestock, Inc. ("SCLI"). (*Id.* at ¶ 8).

Throughout 2010, SLCI sought to raise $10 million through a private placement memorandum ("PPM") based on the strength of SLF's audit report. (*Id.* at ¶ 22). The PPM raised approximately $7,594,965 from investors. (*Id.*). SCLI filed a registration statement with the Securities and Exchange Commission ("SEC") in May 2010, but ultimately withdrew the statement in August 2011. (*Id.* at ¶ 10). Between August 2010 and February 2011, SLF continued its role as SCLI's auditor and signed off on several filings to the SEC. (*Id.* at ¶ 29). On August 15, 2011 SCLI filed a form 15-12G with the SEC terminating its responsibilities to make filings. (*Id.* at ¶ 30). Plaintiff alleges that SCLI executives transferred cash from the company to themselves and misappropriated monies for their personal gain. (*Id.* at ¶ 27).

Seiden was appointed receiver of SCLI by the Court of Chancery of the State of Delaware on January 17, 2014. (*Id.* at ¶ 31). As SCLI's receiver, Seiden brought an action in the United States District Court for the Southern District of New York asserting six claims against SLF: (1) breach of contract; (2) negligence/gross negligence; (3) aiding and abetting or participating in breach of fiduciary duty; (4) aiding and abetting or participating in fraud; (5) fraudulent conveyances; and (6) unjust enrichment. *See Seiden v. Schwartz, Levitsky, and Feldman LLP*,

Civ. No. 16-cv-05666, 2017 WL 2591785 (S.D.N.Y. June 14, 2017) ("*Seiden I*"). The Court dismissed Seiden's claims for lack of personal jurisdiction. *Id.*

On December 28, 2017, Plaintiff filed this action, alleging claims identical to those in his S.D.N.Y complaint. (D.I. 1 at ¶¶ 33-52). Plaintiff seeks both actual and punitive damages from SLF. (*Id.* at ¶¶ 53-56). On February 2, 2018, SLF filed a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), *forum non conveniens* under Rule 12(b)(3), insufficient process under Rule 12(b)(4), as well as failure to state a claim given the statutes of limitations and *in pari delicto* under Rule 12(b)(6). (D.I. 6, 7).

## II.    **LEGAL STANDARDS**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. When a defendant challenges a court's exercise of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Turner v. Prince Georges County Public Schools*, 694 Fed. App'x 64, 66 (3d Cir. 2017) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). "To meet this burden, the plaintiff must produce 'sworn affidavits or other competent evidence,' since a Rule 12(b)(2) motion 'requires resolution of factual issues outside of the pleadings.'" *Brasure's Pest Control, Inc. v. Air Cleaning Equip., Inc.*, C.A. No. 17-323-RGA-MPT, 2018 WL 337747, at *1 (D. Del. Jan. 9, 2018) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, [however], the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361 (3d Cir. 2002)); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) ("Where a 'court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.'") (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.,* 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed.R.Civ.P. 4(e)). The Court must, therefore, "determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute." *Id.* (citing 10 Del. Code § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [defendants'] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington,* 326 U.S. 310 (1945)); *see also IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

Delaware's long arm statute, 10 Del. C. § 3104, provides in pertinent part:

(c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

[. . .]

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

Subsections (c)(1) and (c)(2) provide for specific jurisdiction where the cause of action arises from the defendant's contacts with the forum. *Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354-55 (D. Del. 2008). "Subsection (c)(4) provides for general jurisdiction, which requires a greater extent of contacts, but which provides jurisdiction even when the claim is unrelated to the forum contacts." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp 1458, 1466 (D. Del. 1991) (citing *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986)). General jurisdiction over a foreign entity only exists where that entity's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

As for the second prong, the Due Process Clause "requires that a non-resident defendant have certain minimum contacts with a forum state – contacts that would provide the defendant 'fair warning' that he might be sued there – before a federal court in that forum can constitutionally exercise personal jurisdiction over that defendant." *Turner*, 694 Fed. App'x at 65-66 (quoting *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 299–300 (3d Cir. 2008)).

## III.   **DISCUSSION**

Plaintiff's Complaint alleges that "SLF contracted with a Delaware entity" and "designated Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its U.S. agent in Delaware." (D.I. 1 at ¶ 5). In response to Defendant's challenge for lack of personal jurisdiction, Plaintiff argues "the Court has both general and specific jurisdiction over

SLF," under Section 3104(c)(4) and Section 3104(c)(1)-(2). (D.I. 11 at 8). As discussed below, however, Plaintiff fails to meet his burden to establish sufficient contacts between SLF and Delaware to establish either general or specific personal jurisdiction.

### A. Plaintiff Fails to Meet the Delaware Long-Arm Statute's Requirements for General Jurisdiction

Plaintiff argues that the Court has general jurisdiction over SLF under Section 3104(c)(4). (D.I. 11 at 9-11). Plaintiff states, without support, that Defendant "regularly advertises its services as a PCAOB-registered accounting firm with extensive experience to Delaware companies" and has "continuously sought business and formed engagement contracts for auditing services" with ten Delaware companies over the past twenty years. (*Id.* at 9). Plaintiff speculates that this work has led to "millions of dollars in revenue." (*Id.* at 9-10).

To meet the requirements of subsection (c)(4), Plaintiff must show Defendant (a) regularly does or solicits business in Delaware, (b) engages in any other persistent course of conduct in Delaware, or (c) derives substantial revenue from services in Delaware. 10 Del. C. § 3104(c)(4). Subsection (c)(4) requires a defendant to be "generally present in the state." *Applied Biosystems*, 772 F. Supp. at 1469.[2] Plaintiff's allegations as to Defendant's actions in Delaware are insufficient to meet the long-arm statute's requirements.

As to advertising, Plaintiff cites to his Complaint, which provides no support for the conclusion that Defendant regularly advertises in Delaware.[3] (D.I. 11 at 9 (citing D.I. 1 at ¶ 13)). As to a purported course of conduct, Plaintiff argues that Defendant has provided audit services

---

[2] Subsection (c)(4)'s emphasis on solicitations, course of conduct, and/or substantial revenue that occur *in the state* further confirms the Court's interpretation.

[3] In the Complaint, Plaintiff purports to cite to SLF's website stating that a "number of the companies that SLF has represented have successfully listed on the North American Securities Exchanges."

for upwards of ten companies incorporated in Delaware over the last twenty years and speculates that SLF has received millions of dollars in revenue from its services for Delaware companies. (*Id.* at 9-10). Plaintiff does not, however, allege that the audit services were solicited, conducted, or paid for in Delaware and Defendant has asserted that while the clients were incorporated in Delaware, their principal places of business were elsewhere, and all audit-related services took place outside of Delaware. (D.I. 12 at 5). On the record before the Court, Plaintiff has not alleged sufficient facts to meet the requirements of subsection (c)(4).

**B.      Plaintiff Fails to Meet the Delaware Long-Arm Statute's Requirements for Specific Jurisdiction**

Plaintiff has also failed to show that the Court has specific jurisdiction over Defendant under either section 3104(c)(1) or 3104(c)(2). Subsection (c)(1) applies when a defendant "[t]ransacts any business or performs any character of work or service in the State," while Subsection (c)(2) applies when a defendant "[c]ontracts to supply services or things in this State." 10 Del. C. § 3104(c). Both subsections require "that the cause of action arise from the defendant's conduct in the forum state." *Shoemaker*, 556 F. Supp. 2d at 354-55. Here, Plaintiff argues that "[u]nder the Delaware long-arm statute section (c)(1) and (2) the Court has specific jurisdiction over SLF because (1) SLF has signed off on SEC filings for a Delaware company that are the bases for litigation; and (2) SLF formed an engagement for accounting services that are at the heart of the litigation, respectively." (D.I. 11 at 12).

Plaintiff argues that SLF's signing off on SEC filings constitute transactions under subsection (c)(1) because the Delaware Chancery Court in *Carsanaro v. Bloodhound Techs, Inc,* found a single corporate filing was "sufficient to confer jurisdiction where the claim is based on that transaction." (65 A.3d 618, 635 (Del. Ch. 2013) (citing *Crescent/Mach I Partners, L.P. v. Turner,* 846 A.2d 963, 978 (Del. Ch. 2000)). The *Carsanaro* court noted, however, that the filing

at issue was made directly with the Secretary of State *in Delaware*. *Id*. Here, however, there are no facts or allegations that any filings were made in Delaware and thus *Carsanaro* is not persuasive. Moreover, nowhere in Plaintiff response or attached affidavit is there any argument that any other actions, transactions, or performance occurred within the State of Delaware[4]. Given this failure, the Court cannot find that Subsection 3104(c)(1) provides specific jurisdiction over Defendant.

Plaintiff further asserts that specific jurisdiction exists because "SLF has contracted with SCLI – a Delaware company – to provide audit services." (D.I. 11 at 12). Plaintiff cites his complaint and two contracts entered by Defendant to support his argument that SLF contracted to provide services in Delaware. (*Id*.). Delaware courts have consistently found that "contracts negotiated and performed outside of Delaware will not support personal jurisdiction." *Outokumpu Engineering Enterprises, Inc. v. Kvaerner EnviroPower, Inc.*, 685 A.2d 724, 730 (Del. Super. Ct. 1996). Even when contracts have been physically signed in Delaware, courts have found personal jurisdiction cannot be maintained if performance occurs wholly outside of the state. *See Blue Ball Properties v. McClain*, 658 F. Supp. 1310 (D. Del. 1987). Here, a review of the two contracts cited fails to show any connection to Delaware. The first was executed in 2009 between SLF and Southern China Livestock International, Inc., whose U.S. business address was in Virginia and was otherwise listed with a location in China. (D.I. 7, Exhibit B-1). The second agreement, from September 2010 (the "2010 Retention Agreement"), was made between SLF and SCLI, whose address was in China. (D.I. 7, Exhibit B-2). Plaintiff provides no factual support indicating that

---

[4]    In dismissing Plaintiff's first complaint for lack of personal jurisdiction, the court in the Southern District of New York noted that it was plausible that SLF's audit opinion may have been delivered to Canada, Nevada, or Delaware. *Seiden I*. Notwithstanding that, Plaintiff has not alleged that the audit opinion was delivered to Delaware or that SLF otherwise took any action in Delaware.

any part of either contract related to the provision of services within Delaware. The contracts themselves include no reference to Delaware or actions to be taken here.

Plaintiff's argument essentially asks the Court to find that personal jurisdiction extends over a non-resident simply by its contracting with an entity that is incorporated in this state, but devoid of other meaningful connections. Plaintiff provides no authority to support this proposition and cannot successfully distinguish those cases that have already rejected such a broad approach to jurisdiction. *See Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 630 (D. Del. 2015). Thus, given Plaintiff's failure to establish that Defendant contracted to provide services *in Delaware*, the Court cannot find that Section 3104(c)(2) provides for specific jurisdiction of Defendant.

### C.       Plaintiff Fails to Establish Defendant Has Sufficient Contacts to Comport with Due Process

Even if *arguendo*, the Court had found that Plaintiff had established a statutory basis for exercising general or specific jurisdiction, Plaintiff has failed to establish that the exercise of person jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment.

With respect to general jurisdiction, Plaintiff cites a single, unreported Delaware case suggesting that he only need to show that SLF "should reasonably anticipate being hailed into" a Delaware court. (D.I. 11 at 10). While Plaintiff is correct that a foreign company's contacts – if continuous and systematic – can be sufficient to make it reasonably anticipate being hailed into court, the Supreme Court has made clear that such contacts must be "so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n. 19 (2014). In *Daimler*, the court found that only "in an exceptional case" would a foreign business entity be "at home" in a place outside of its place of incorporation or principal place of business. *Id.* Here, SLF is a limited liability partnership organized under the laws of Canada, has

its principal place of business in Canada, and maintains no offices or employees in Delaware. (D.I. 7, Exhibit B at ¶¶ 2-5). Plaintiff claims that SLF has contracted with upwards of ten companies incorporated in Delaware over a twenty-year period but provides no evidence of contact with the forum outside of these entities' incorporation in the state. (D.I. 11 at 14). Moreover, in a sworn declaration, a partner for SLF attests "(1) SLF does not maintain any offices in the United States, including the State of Delaware; (2) SLF does not transact business in the State of Delaware; (3) does not sell goods or render services in the State of Delaware; and (4) and [sic] derives no substantial revenue from the State of Delaware." (D.I. 7, Exhibit B at ¶ 5). On this record, Defendant's connections to Delaware, if any, are limited. The Court does not find that SLF fits the "exceptional case" where a foreign defendant's contacts in a state are so substantial as to make it "at home" in the forum. Thus, the Court finds that the exercise of general personal jurisdiction over the Defendant neither meets the statutory test nor comports with the Due Process Clause of the Fourteenth Amendment.

Similarly, any exercise of specific jurisdiction over this Defendant would not comport with the Due Process Clause of the Fourteenth Amendment. "For the court to exercise specific personal jurisdiction consistent with due process, plaintiff's cause of action must have arisen from the defendant's activities in the forum state." *Phunware*, 117 F. Supp. 3d at 623 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The Third Circuit has followed a three-part analysis: (1) whether defendant purposefully availed himself of the forum, (2) whether the litigation arises out of defendant's activities in the forum, and (3) "whether the exercise of jurisdiction otherwise 'comports with fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted).

Purposeful availment requires "a deliberate targeting of the forum." *Id.* "[C]ontacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *Id.* Here, based on the information offered by the Plaintiff, SLF cannot be found to have purposefully availed itself to the State of Delaware. The contract for the 2009 Audit – identified by the Plaintiff as the basis for many of his claims – was made between Defendant and a Nevada corporation, with a U.S. presence in Virginia and operations in China. There is no evidence that any of the work on that audit was done or presented in Delaware. As for the 2010 Retention Agreement, there is again no factual substantiation that any contact was made with Delaware in the performance or delivery of that audit or that the signing off on the SEC forms took place in Delaware. Plaintiff has the burden to establish that SLF purposefully availed itself of Delaware but has failed to offer any evidence that Defendant deliberately targeted the state.[5] Thus, the Court finds that the exercise of specific personal jurisdiction over the Defendant would not comport with the Due Process Clause of the Fourteenth Amendment and traditional notions of fair play and substantial justice.

### D.     The Court Will Not Grant Plaintiff Leave to Seek Jurisdictional Discovery

Plaintiff asks the court to stay the proceedings and allow jurisdictional discovery to occur. (D.I. 11 at 13-14). "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiffs claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citation omitted). "To receive jurisdictional discovery, plaintiffs must claim that their factual allegations establish with reasonable particularity the possible existence of

---

[5]     Where, as here, the first of the factors set out by the Third Circuit is not met, the second and third, which necessarily follow, also must fail.

requisite contacts." *Phunware*, 117 F. Supp. 3d at 361. Bare allegations, without factual support, however, cannot provide a basis for such a discovery request, lest it provide Plaintiff an opportunity to "undertake a fishing expedition." *Id.*

Here, Plaintiff refers to the "possible existence of the required jurisdictional contacts from the ten different Delaware companies SLF has contracted with, the minimum of one Delaware CPA employed, and the substantial revenue from the Delaware activity." (D.I. 11 at 14). Each of these factual allegations is related to Plaintiff's arguments regarding general jurisdiction. As discussed above, Plaintiff's argument for general jurisdiction on these same facts failed because such limited and tenuous relationships to a state are insufficient to find that a foreign Defendant is "at home" in Delaware. Plaintiff offers no explanation of how jurisdictional discovery will uncover the requisite contacts with respect to specific jurisdiction.[6]

Finally, the Court is cognizant of the burdens placed on foreign defendants litigating in the United States and has previously found that "courts should 'exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place [on] them.'" *Phunware*, 117 F. Supp. 3d at 631 (quoting *Telcordia Tech., Inc. v. Alcatel S.A.,* C.A. No. 04-874 (GMS), 2005 WL 1268061, at *8 (D. Del. May 27, 2015)). Here, Plaintiff requests the Court to grant jurisdictional discovery without an indication of what exactly it is looking for or how it might overcome its current jurisdictional deficiencies. The Court declines to grant that request.

---

[6] Moreover, those jurisdictional facts that might show specific jurisdiction *e.g.* – contract negotiation/execution in Delaware, contract delivery in Delaware, preparation of SEC filings – should already be in Plaintiff's possession. No such evidence has been provided to the Court.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss (D.I. 6) Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).  An appropriate order will issue.